Anita ARUCI, Petitioner,

v.

Michael B. MUKASEY,[1] United States
Attorney General, Respondent.

No. 07–5034–ag.

United States Court of Appeals,
Second Circuit.

July 2, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Gregory Marotta, Vernon, New Jersey, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Dimitri N. Rocha, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Anita Aruci, a native and citizen of Albania, seeks review of a October 26, 2007 order of the BIA affirming the October 13, 2005 decision of Immigration Judge ("IJ") Noel A. Brennan, which denied her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Aruci, Anita*, No. A98 404 043 (B.I.A. Oct. 26, 2007), *aff'g* No. A98 404 043 (Immig. Ct. N.Y. City Oct. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA analyzed Aruci's past persecution without reference to the IJ's decision, but expressly adopted the IJ's findings regarding Aruci's well-founded fear of persecution. Accordingly, we review both the BIA's decision and the IJ's findings regarding Aruci's future persecution claim.

*Id.* Moreover, because the BIA apparently assumed the credibility of Aruci's testimony, we will do the same. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271–272 (2d Cir. 2005).

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008).

As an initial matter, we need not address the agency's denial of Aruci's CAT claim because she did not challenge it either before the BIA or in her brief to this Court. In such circumstances, we deem the claim abandoned. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005). Moreover, we decline to review Aruci's humanitarian asylum claim because she failed to raise it before the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121–22, 124 (2d Cir.2007).

We find that the agency did not err in determining that Aruci did not establish eligibility for asylum. Aruci testified that she was harassed "every day" by schoolmates, and in particular that she was accosted by three boys from Socialist families after leaving a Democratic Youth Forum meeting. The record supports the BIA's determination that these incidents did not amount to persecution where she testified that she was never physically harmed. *See Ivanishvili v. U.S. Dep't. of Justice*, 433 F.3d 332, 341 (2d Cir.2006); *Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004). Aruci also testified that men attempted to kidnap her. However, in light of the BIA's explicit mention of this incident as "frightening," and of the other incidents to which Aruci testified, we cannot find that the BIA failed to evaluate the seriousness of Aruci's attempted kid-

naping, or that it failed to consider this incident cumulatively with the other mistreatment she described. *See Poradisova v. Gonzales,* 420 F.3d 70, 80 (2d Cir.2005). Accordingly, we can find no error in the BIA's determination that Aruci's experiences did not amount to persecution. *See Tian–Yong Chen,* 359 F.3d at 127.

■ Regarding Aruci's well-founded fear of persecution claim, we conclude that the agency properly determined that she failed to demonstrate that it was objectively reasonable. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (emphasizing that to establish eligibility for asylum, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable). The IJ found that Aruci failed to establish a well-founded fear of persecution because Democratic Party leader Sali Berisha had recently been elected prime minister and there was no evidence that her father, a "more established political activist," had experienced harm since Aruci left for the United States. Aruci does not reference either of these findings in her brief, and thus waived any challenge. *See Yueqing Zhang,* 426 F.3d at 546 n. 7. Moreover, these findings are supported by the record. The IJ properly found that the Democratic Party's return to power undercut her fear where Aruci had testified that when it was in power from 1992 to 1997, neither she nor her family had experienced any problems. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 185–87 (2d Cir.2006) (per curiam). Additionally, the IJ properly found that Aruci's fear was undercut by her failure to testify that her father had been harmed. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live unharmed in petitioner's native country, claim of well-founded fear was diminished);

*see also Lie v. Ashcroft,* 396 F.3d 530, 537 (3d Cir.2005). Under these circumstances, the agency did not err in determining that Aruci failed to demonstrate that her fear was objectively reasonable. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 440, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)

■ Having concluded that the denial of Aruci's asylum claim was proper, we must find that the BIA likewise did not err in finding that Aruci did not satisfy the higher burden of proof for her withholding of removal claim, which shared the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.